GREGORY, Circuit Judge:
Christopher Ferguson was convicted by a jury of one count of conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana and one count of conspiracy to commit money laundering. Ferguson was acquitted of a third count of possessing a firearm in furtherance of drug trafficking. The district court then imposed a sentence of 235 months for the marijuana conspiracy count and a concurrent sentence of 235 months for the money laundering conspiracy count. Arguing that the district court failed to instruct the jury properly as to their finding of the threshold quantity of drugs for which he was responsible, Ferguson now appeals his sentence.
I.
In July 2003, a federal grand jury indicted Ferguson with conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956; and possession of a firearm in furtherance of drug trafficking, in violation of 21 U.S.C. § 924(c).[1] From October 14 through October 17, 2003, Ferguson was tried before a jury on these counts. During deliberations, the jury passed a note to the district court, making the following inquiry with respect to the marijuana conspiracy count:
What is the relevance of the breakdown of the amount of marijuana involved in Count 1 on the verdict sheet? And does it relate specifically to the defendant or the entire conspiracy? Or is it the jury’s interpretation?
J.A. 220. In response, the district court stated:
It is not the jury’s interpretation. It involves all those who were involved in the conspiracy. You add them all up, if they were members of the conspiracy, not only the defendant. He is charged in a conspiracy, not that he did it all by himself.
Id. After further deliberations, the jury convicted Ferguson of the marijuana conspiracy and money laundering conspiracy *235 counts and acquitted him of the firearm count.
The presentence investigation report (“PSR”) recommended that, with respect to the marijuana conspiracy count, Ferguson be held responsible for 3,000 to 10,000 kilograms of marijuana under U.S.S.G. § 2Dl.l(a)(3) and (c)(3), thereby yielding a base offense level of 34. The PSR further added a 2-level enhancement for possessing a firearm under U.S.S.G. § 2Dl.l(b)(2), a 2-level enhancement for victim-related conduct under U.S.S.G. § 3A1.3, and a 3-level enhancement for his aggravated role in the offense under U.S.S.G. § 3B1.1. Thus, the total offense level for the marijuana conspiracy count was 41.
In calculating the base offense level for the money laundering count, the PSR applied the base offense level (34) for the marijuana conspiracy count, the underlying offense from which the laundered funds were derived, in accordance with U.S.S.G. § 2S1.1. The PSR also added a 2-level enhancement because Ferguson had been convicted under 18 U.S.C. § 1956, a 2-level enhancement for victim-related conduct under U.S.S.G. § 3A1.3, and a 3-level enhancement for his aggravated role in the offense under U.S.S.G. § 3B1.1. Thus, the total offense level for the money laundering count was also 41.
Because the marijuana conspiracy embodied conduct treated as a specific offense characteristic of the money laundering count, the PSR grouped the offenses together under U.S.S.G. § 3D1.2(c). The PSR applied the highest offense level of the two (although for both, the total offense level was 41) and a criminal history category of I, thus calculating a Guidelines range of 324 to 405 months.
At sentencing, Ferguson’s counsel asserted that the district court’s response, which charged the entire weight of the marijuana conspiracy to Ferguson, to the jury’s query during deliberations was erroneous. The district court rejected this objection, remarking that it “has nothing to do with the sentence.” J.A. 241. The district court thus adopted the PSR’s finding of 3,000 to 10,000 kilograms of marijuana attributable to Ferguson. Although the district court declined to impose the 3-level enhancement for Ferguson’s aggravated role in either the marijuana conspiracy or the money laundering, the district court applied the 2-level enhancement for victim-related conduct. Finally, with respect to counsel’s objection to the firearm enhancement, the district court responded:
Under the first count, a level 38 is 235 to 293 months. Under — without the gun charge, it’s a level 36, which is 188 to 235. I’m going to give him the 235, which is the low end of 38 and high end of 36. I think it is appropriate, under these circumstances that that level stands.
J.A. 258. After being pressed by counsel for clarification, the district court stated “I’m giving him 38.” J.A. 259. However, in the written judgment, the district court entered the total offense level as “36 or 38.” J.A. 301. Moreover, the district court further wrote that “[fjollowing argument of counsel as to the appropriate offense level, the Court makes no determination and sentences the defendant to 235 months, within both of these ranges.” J.A. 301.
With respect to the money laundering count, the district court adopted the PSR’s calculation and imposed a sentence of 235 months, to run concurrently with Ferguson’s sentence of 235 months for the marijuana conspiracy count. Ferguson now appeals his sentence.
II.
Section 841 (b) of Title 21, the provision under which Ferguson was sen *236 tenced, sets forth a gradated penalty scheme based on the quantity of marijuana attributable to the defendant. See 21 U.S.C. § 841(b) (setting forth statutory máximums of life imprisonment for 1000 kilograms, 40 years for 100 kilograms, 20 years for 50 kilograms, and 5 years for any amount less than 50 kilograms). On appeal, Ferguson contends that his 235-month sentence for the marijuana conspiracy count cannot stand because the district court did not give a supplemental instruction in accordance with Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), which holds a defendant responsible only for conduct that is within the scope of his criminal agreement and reasonably foreseeable. Ferguson asserts that because the jury never determined the individualized quantity of marijuana attributable to Ferguson for the penalty purposes of § 841(b) and simply considered the entire weight of the conspiracy, his sentence relied on improper judicial fact-finding in contravention of the Sixth Amendment.
In a drug conspiracy case, a jury must apply the Pinkerton analysis both to the substantive conspiracy charge and to the determination of the threshold quantity of drugs for statutory penalty purposes. The government concedes that under United States v. Collins, 415 F.3d 304 (4th Cir.2005), the district court erred by failing to instruct the jury to apply Pinkerton principles in determining the quantity of marijuana attributable to Ferguson for the penalty purposes of § 841(b). This case is indistinguishable from Collins, in which the defendant was convicted of conspiracy to distribute cocaine and the jury asked a nearly identical question about how they were to make the threshold quantity determination required on the verdict form. Id. at 311-15. In Collins, we pointed out that Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (1990), requires that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” The threshold quantity of drugs for statutory penalty purposes is a fact that a jury must find beyond a reasonable doubt. The jury must apply the Pinkerton principles to their calculation of threshold quantity to determine if the amount proven to be distributed by the conspiracy was within the scope of the defendant’s agreement and reasonably foreseeable to the defendant. See Collins, 415 F.3d at 314.
Because they were not instructed under Pinkerton, Ferguson’s jury consequently did not properly determine the statutory threshold quantity of marijuana attributable to Ferguson. In the absence of a jury determination or an admission of the quantity of marijuana attributable to Ferguson, Ferguson’s conduct must fall within the default 5-year statutory maximum set forth in § 841(b). Ferguson’s 235-month sentence, which was based solely on judicially-found quantities of marijuana attributable to Ferguson, therefore violates the Sixth Amendment. Id. at 314; see Apprendi v. New Jersey, 530 U.S. at 490, 120 S.Ct. 2348.[2]
III.
We also conclude that the error affecting the conspiracy count undermines the court’s sentencing for the money laundering count. We have held that proper sentencing under United States v. Booker, 543 *237 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), requires a correct application of the sentencing guidelines in addition to consideration of the factors enumerated in 18 U.S.C. § 3553(a). United States v. Green, 436 F.3d 449 (4th Cir.2006). An improper calculation of the guidelines offense level renders the sentence unreasonable, and such a sentence must be vacated. Id. at 457.
The district court made no independent determination of drug quantity when it sentenced Ferguson on the money laundering count. The court, acting pursuant to the guidelines, imputed the base offense level for the conspiracy count to the money laundering count. The court rested that calculation of offense level on the jury’s threshold quantity finding. In sentencing Ferguson for the money laundering count, the court therefore improperly relied on the quantity the jury determined without regard to Pinkerton principles. Without an independent determination of quantity for the second count, the court could and did not properly calculate, as required by Booker and Green, the guidelines range for the money laundering count.[3] Ferguson’s sentence for money laundering must be vacated as unreasonable.
IV.
Following Collins, we will withhold judgment on the marijuana conspiracy count for thirty days and permit the government to choose between remand for resentencing under the 5-year maximum set forth in § 841(b) or remand for a new trial. Collins, 415 F.3d at 315.[4] Similarly, because the Guidelines imputed the base offense level determined for the marijuana conspiracy count to the money laundering count and the judge never made an independent calculation of offense level for the money laundering count, the 235-month sentence for the money laundering count also cannot stand. We therefore withhold judgment on the money laundering count and will remand for proceedings consistent with the option chosen by the government for the marijuana conspiracy count.

VACATED AND REMANDED.

. A fourth count provided that if Ferguson were convicted on the drug conspiracy count, he would be forced to forfeit any property resulting from the conspiracy.

. As in Collins, the error did not affect Ferguson’s conviction under §§ 841 and 846 — neither of which require a threshold drug quantity for criminal liability. Collins, 415 F.3d at 314.

. Drug quantity determines base offense level for drug trafficking offenses, including money laundering if the underlying offense involves drug trafficking, as it does in Ferguson’s case. See U.S.S.G. §§ 1B1.3, 2D1.1, 2S1.1. An independent determination of drug quantity by the court would have allowed the court to calculate the offense level properly and arrive at a sentence lesser than or comparable to the one imposed.

. Because the sentence must be vacated under Collins, we need not address Ferguson's constitutional arguments concerning the firearm enhancement imposed for the marijuana conspiracy count. We note in passing, however, that the district court did not clearly indicate whether it adopted the enhancement, which would have increased the total offense level from 36 to 38. Indeed, the district court stated in its written judgment that "[Hollowing argument of counsel as to the appropriate offense level, the Court makes no determination and sentences the defendant to 235 months, within both of these ranges.” J.A. 301. The district court's failure to specify the total offense level was error under United States v. Green, 436 F.3d 449, 456 (4th Cir.2006), which requires district courts to calculate the proper Guidelines range and consider that range in conjunction with the other factors set forth in 18 U.S.C. § 3553.